VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.  23-AP-108

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,  2023

Dean Pierce* v. Town of Shelburne Vermont

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Chittenden Unit,
Civil Division
CASE NO. 22-CV-01188
Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

In this public-records case, plaintiff appeals a civil division order affirming the Town of Shelburne's nondisclosure of some records and a separate order denying attorney's fees and litigation expenses. On appeal, plaintiff argues that the court erred in limiting the scope of the case, denying his second request to amend the complaint, denying him access to a requested letter, and denying his request for attorney's fees. We affirm.

This case involves several records requests made by plaintiff, a Town resident and former Town employee. In December 2021, plaintiff filed public-records requests with the Town seeking copies of various materials involving the Town Manager, the Town Selectboard, and the Planning and Zoning Department. In January 2022, plaintiff requested additional records, including communications related to development projects in the Town, materials related to the Town Manager's interviews with a local reporter, a document visible on a screen during a selectboard meeting, and zoning permits or certificates of occupancy signed by the Town Manager. In May 2022, plaintiff requested a letter placed in a town employee's file and minutes from a February 2022 meeting. In response to these requests, the Town produced some documents and denied the requests in part. Plaintiff appealed some of the denials to the selectboard, which either denied his appeals or took no action.

Plaintiff filed suit in April 2022, alleging that the Town improperly denied his requests and seeking disclosure and production of documents requested in January in their original electronic format. In his complaint, plaintiff sought specific subsets of the original records request. Plaintiff later amended his complaint to include the denial of the May 2022 request for a letter placed in a town employee's file as result of a selectboard action on February 17, 2022. The Town withheld the letter as a personal document under 1 V.S.A. § 317(c)(7). The court granted the amendment over the Town's objection.

Early in the case, the Town produced 1200 pages of documents and provided a <u>Vaughn</u> index as to the documents withheld, indicating that they were subject to attorney-client privilege. Plaintiff requested an in camera review of some documents in the <u>Vaughn</u> index. Plaintiff also argued that some documents were provided in a nonstandard electronic format. 1 V.S.A. § 316(h). The Town agreed to comply with plaintiff's request to produce the records in a standard format and sought additional time and costs related to compliance.

In a November 2022 order, the court limited the scope of plaintiff's case to the items listed in his complaint and declined plaintiff's request to expand the scope of the appeal to additional records.[1] To evaluate whether records were properly withheld, the court directed the Town to provide either a detailed affidavit describing the records withheld or to submit the records for in camera review. Finally, the court ordered the Town to comply within thirty days with the request for records in a standard electronic format and indicated that the Town was entitled to costs associated with the request.

Plaintiff subsequently moved to amend his complaint for a second time. The Town opposed plaintiff's request to amend his complaint on several grounds including that it was untimely, futile, and prejudicial to the Town. In accordance with the court's order, the Town submitted a <u>Vaughn</u> index, an affidavit, and the documents for in camera review. The Town also notified plaintiff that the records were available for inspection in their native format.

Following an in camera review, in December 2022, the court concluded that the indexed materials were protected by attorney-client privilege and therefore properly withheld. The court also concluded that the letter was properly withheld as a personal document. In a separate order, the court denied plaintiff's motion to amend the complaint, concluding that the request was untimely and unclear. The court entered judgment for the Town.

Plaintiff moved for attorney's fees, arguing that he substantially prevailed. 1 V.S.A. § 319(d). The court denied the motion, concluding that plaintiff did not substantially prevail as required by the statute. The court explained that there was no basis to conclude that the lawsuit led to plaintiff obtaining anything beyond what he already had or was entitled to. Plaintiff appeals.

On appeal, plaintiff first argues that the court erred in limiting the scope of the appeal and denying his request to amend his complaint a second time. After an answer is filed, a complaint may be amended "only by leave of court." V.R.C.P. 15(a). This Court reviews a trial court's decision on amendment of a complaint for abuse of discretion. <u>In re Burke</u>, 2019 VT 28, ¶ 46, 210 Vt. 157. Denial may be justified based on "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 4, 184 Vt. 1 (quotation omitted).

Here, the court denied the motion to amend on the bases of undue delay and lack of clarity in the amendment. The court explained that the amendment was filed at a very late stage

---

[1] Contrary to plaintiff's assertion, the court acted well within the rules and its discretion to decline to expand the scope of the case to issues beyond those identified in the complaint where there was no express or implied consent by the Town. See V.R.C.P. 15(b) (allowing issues not raised in pleadings to be tried by express or implied consent); <u>VTRE Invs., LLC v. MontChilly, Inc.</u>, 2020 VT 77, ¶ 13, 213 Vt. 175 (explaining that generally parties must identify legal claims in pleadings).

in the litigation and did not clearly assert what was being requested or whether and how the Town had responded to such requests. Although not explicit in the court's order, the court's explanation indicated that the amended pleading's lack of clarity would be both prejudicial to the other party and futile. Given the late stage in the litigation and the lack of clarity of the proposed new pleading, the court acted within its discretion in limiting the scope of the case and denying plaintiff's request to amend the complaint. See In re Burke, 2019 VT 28, ¶ 47 (affirming court's denial of petitioner's motion to amend complaint where amendment came at late stage in litigation and contained "lack of clarity" prejudicial to other party).

Plaintiff next argues that the court erred in denying his request for disclosure of the letter requested on May 10, 2022 on the basis that it was a personal document.[2] Under § 317(c)(7), records are exempt if they are "[p]ersonal documents relating to an individual, including information in any files maintained to hire, evaluate, promote, or discipline any employee of a public agency." The exception applies to "those documents that reveal intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends." Rutland Herald v. City of Rutland, 2013 VT 98, ¶ 5, 195 Vt. 85 (quotation omitted). In applying the exception, the court "must balance the public interest in disclosure against the harm to the individual." Id. ¶ 6 (quotation omitted). On appeal, the trial court's balancing is reviewed for an abuse of discretion. Id. ¶ 13.

Here, the court acted well within its discretion. After an in camera inspection, the trial court concluded that the letter was a personal document that might subject the person to embarrassment and that no public interest was proffered to outweigh the invasion of privacy. On appeal, plaintiff contends that embarrassment alone is not sufficient to withhold a record and that the materials were of public interest because they concerned disparaging public statements made by the former Town Manager about plaintiff. Plaintiff has failed to demonstrate that the court abused its discretion. Embarrassment is a valid concern under our law and plaintiff has not proffered a public interest in the document that counteracts that concern. Plaintiff's individual interest in the letter does not amount to a public interest. See Kade v. Smith, 2006 VT 44, ¶ 12, 180 Vt. 554 (explaining that requestor of personal documents must demonstrate that "the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake" (quotation omitted)).

Plaintiff next argues that the trial court improperly denied his request for attorney's fees. Under the public-records act (PRA), an award of attorney's fees is mandatory where a requestor "has substantially prevailed." 1 V.S.A. § 319(d)(1). An award is within the court's discretion if a requestor substantially prevailed, and the public agency conceded records were public and produced them within the time allowed for an answer. Under either provision, the key question is whether plaintiff "substantially prevailed" within the meaning of the statute.

In construing the statute, this Court considers the question of law "without deference to the superior court's decision." Toensing v. Att'y Gen. of Vermont, 2019 VT 30, ¶ 7, 210 Vt. 74. We first look to the plain language of the statute and, if ambiguous, "may infer intent from the statute's subject matter, purpose, effects, and consequences." Id.

---

[2] To clarify, although plaintiff's brief mentions related documents, the scope of plaintiff's case in the superior court was limited to the letter in an employee file since that was the denial that was appealed to the selectboard, and a PRA request must first be appealed to the head of the agency. See 1 V.S.A. § 319(a); § 318(c).

3

This Court has not specifically interpreted the "substantially prevailed" language under the PRA, but we need not conduct a detailed analysis of the scope of that language to conclude that plaintiff did not substantially prevail in this case. We are not persuaded by plaintiff's assertions that he substantially prevailed because (1) the Town produced 1200 pages of documents four months after the suit was initiated, (2) the Town provided plaintiff with electronic records in their original format, and (3) plaintiff successfully persuaded the court to conduct an in camera court review of the withheld records.

As to the Town's voluntary release of records and provision of records in standard electronic format, the trial court found that the Town was already in the process of providing materials to plaintiff when the case was filed, and the Town had voluntarily hired a company to provide the documents in the electronic format requested. That plaintiff received these at an early stage in the litigation without any court action does not amount to substantially prevailing. Plaintiff's reliance on the attorney's fees provision of the Freedom of Information Act (FOIA) is misplaced in that, unlike the PRA, the statutory language of FOIA specifically provides that a requestor has "substantially prevailed" if the requestor obtains relief through "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii). Finally, the fact that the trial court conducted an in camera review does not amount to substantially prevailing in that this kind of review is simply part of the process of adjudicating plaintiff's claims. Because plaintiff was not successful on any of his claims, he did not substantially prevail in this case.

Affirmed.

BY THE COURT:

---
Paul L. Reiber, Chief Justice


---
William D. Cohen, Associate Justice


---
Nancy J. Waples, Associate Justice